**ZHAO XIN WANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 09–3909–ag.**

United States Court of Appeals, Second Circuit.

Sept. 29, 2010.

Meer M.M. Rahman, New York, New York, for Petitioner.

Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: RALPH K. WINTER, PIERRE N. LEVAL, DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Zhao Xin Wang, a native and citizen of the People's Republic of China, seeks re-

view of an August 31, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Wang*, No. A070 897 135 (B.I.A. Aug. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Wang's motion to reopen as untimely and number-barred, as it was his sixth motion to reopen and was filed more than six years after his June 2002 final order of removal. *See id.;* 8 C.F.R. § 1003.2(c)(2).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that Wang had shown only that his personal circumstances had changed, as his claim was based on the fact that he joined the Chinese Democracy Party ("CDP") in 2008. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 151–56 (2d Cir.2008) (holding that the existing legal system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.*, by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application"). Indeed, Wang fails to point to any evidence in the record establishing how the Chinese government's current treatment of CDP members differs from their treat-

ment at the time of his merits hearing. *See In re S–Y–G–*, 24 I. & N. Dec. 247, 253 (B.I.A.2007) (finding that, "[i]n determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Therefore, substantial evidence supports the BIA's determination that Wang failed to establish changed country conditions. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008) (holding that when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the BIA's factual findings under the substantial evidence standard). Accordingly, the BIA did not abuse its discretion by denying Wang's motion. *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).